UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR 24  P 1: 25

U.S. DISTRICT COURT
DISTRICT OF MASS

KEVIN TAYLOR,

    Petitioner,

v.

DAVID L. WINN, WARDEN,

    Respondent.

Civil Action No. 05-10221-DPW

**PETITIONER'S MOTION IN OPPOSITION TO DEFENDANT'S
MOTION TO DISIMISS PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, KEVIN TAYLOR, proceeding in Pro se, hereby respectfully files this motion in opposition to Defendant's motion to dismiss his petition for writ of habeas corpus whereof he respectfully opposes the dismissal of his petition since contrary to the defendant's position his petition represents colorable claims of constitutional violation as supported by the facts of the records as well as the laws governing the case, which thus entitles him to habeas relief. Therefore, the Petitioner's writ of habeas corpus should be granted.

Respectfully submitted,

Dated: March 22, 2005

By: *Kevin Taylor*
KEVIN TAYLOR
Pro se- Petitioner
Reg. No. 03421-068
FMC- Devens
P. O. Box 879
Ayer, MA 01432

2.

## Certificate of Service

    I certify that on this day a true copy of the above document was served by first class mail, postage prepaid, upon the defendant's attorney:

Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney Office
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way
Boston, MA  02210

Dated: March 22, 2005

                                              _/s/ Kevin Taylor_
                                              Kevin Taylor
                                              Pro se- Petitioner
                                              reg. NO. 03421-068

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
KEVIN TAYLOR,                       )
                                    )
         Petitioner,                )
                                    )
v.                                  )    Civil Action No. 05-10221-DPW
                                    )
DAVID L. WINN, WARDEN,              )
                                    )
         Respondent.                )
                                    )
```

**MEMORANDUM IN SUPPORT OF THE PETITIONER'S
MOTION IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

The Petitioner, Kevin Taylor, respectfully files this memorandum in support of his motion in opposition to defendant's motion to dismiss his habeas corpus petition and states in reply the followings:

The defendant first allege that the petitioner was not improperly placed in the Inmate Financial Responsibility Program ("IFRP"), and that the Bureau of Prisons ("BOP") policy on IFRP is constitutional. The defendant then states that petitioner's claim concerning IFRP (i.e., that no statute was promulgated that indicate(s) or give(s) the BOP the authority to be a collection agent for the federal government, nor provide(s) the BOP the authority to impose fines, and that petitioner's claim that his placement in a mandatory inmate financial responsibility program deprived him of his due process protected liberty interests) are without merits.

The defendant's position as to petitioner's first claim seem to be premised on the allegations that BOP policy statement ( 5380.07) provides the BOP the authority to collect fines, that the IFRP is voluntary and not punitive, and in support of the defendant's position he rely on case law authority affirming the constitutionality of the IFRP.

First and foremost, as argued, the defendant's assertions cannot support a motion to dismiss when the question is not whether petitioner will ultimately prevail, but whether he is entitled to ofter evidence in support of his claims. See In re Department of Energy Stripper Well Exemption Litigation, D. Kan. 1990, 792 F.Supp. 1534. Indeed, the petitioner is entitled to present evidence in support of his claims since he alleges constitutional violations which he is entitled to relief from such deprivations.

Besides, a motion to dismiss may only be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Aug v. Procter & Gamble Co., C.A. 6 (Ohio) 1991, 932 F.2d 540; Melo-Sonics Corp. v. Cropp., C.A. PA. 1965, 342 F.2d 856 (same).

This is not the case here where the Petitioner has presented sufficient proof in support of the facts of his claims. Further, the defendant's motion to dismiss must fail when the defendant's allegations failed to successfully refute beyond doubt petitioner's claims concerning the fine and good-time credit.

First, the defendant's assertion as to Taylor's argument on the fine is flaw when the controlling precedents-case law authority

of this circuit has already settle the dispute finding that the BOP does not have the authority to collect fines for the Court. See <u>United States v. Tarbox</u>, 361 F.3d 644 (1st Cir. 2004); <u>United States v. Merric</u>, 166 F.3d 406, 409 (1st Cir. 1999)(same)

Thus, it is unreasonable for the defendant to ignore the controlling law of this circuit in an attempt to defeat petitioner's claim, Just as it is unethnical to ignore the facts as well as the law to win at all cost based on misrepresentation of the facts. The defendant misrepresents the facts when arguing that he did not receive the record of the court ordering the sale of the petitioner's SUV vehicle to pay the fine. In fact, the defendant was shown the sentencing transcripts where it was ordered that the government must pay the fine with the proceeds from the sale of the vehicle. See Exhibit "A"

Further, the Petitioner has constantly pointed to this fact to his Unit Teams (counselors, case managers and Unit managers) on numerous occasions, but the Unit Team as well as the defendant had ignored the record of the court order thus insisted that the petitioner pay the fine, or be subject to IFRP refusal sanctions. Yet, the defendant now allege that this fact is irrelevant when the court ordered him to pay the fine, This fact is not the dispute here. The Petitioner does not dispute that the Court imposed a fine. His position is that the government was ordered to pay such fine with the proceeds from the sale of his vehicle, which he had a liberty interest in such order that was protected by due process. Thus, this fact is in the record of the sentencing transcripts and cannot be disputed, nor ignored.

inmate must pay fine while incarcerated. See <u>United States v. Merric</u>, 166 F.3d 406, 409 (1st Cir. 1999); <u>United States v. Tarbox</u>, 361 F.3d 562 (1st Cir. 2004); Exhibit "B"

Surely, the defendant's position that the BOP has authority to collect fines is contrary to this circuit's precedents. As previously stated, this Circuit has recently thus consistently held that Statute 3572a prohibits the district court from delegating its authority to the BOP to collect fine. See <u>Merric</u>, supra; <u>Tarbox</u>, supra.

As for the defendant's allegation that the BOP policy statement (5380.07) give him the authority to collect fine this assertion is also refuted by the facts and the policy statement. Actually, policy statement 5380.07 specifically requires documented finding by the court authorizing immediate payment while incarcerated. See Exhibit "B" Because the facts of the record do not show that the petitioner was required to pay the fine while incarcerated then the defendant placement of the petitioner in IFRP was a violation of his due process right. Exh., C Indeed, the petitioner was denied due process when there was no judicial record such as the Judgment and Commitment order indicating that he was required to pay the fine immediately while incarcerated as required by the policy statement. Thus, the defendant's failure to follow the BOP's policy on fine violated due process when the Petitioner had a liberty interest invested in such policy. <u>Sandin</u>, supra.

Clearly, the defendant's failure to adhere to such policy which the petitioner has a due process protected liberty interest

5.

in is a claim that relief can be granted. Especially, when the petitioner is being denied a BOP policy that the defendant is required to follow. Further, just as the failure to adhere to the law of this circuit which prohibits the BOP from collecting fine is a claim that relief can be granted since the BOP is required to follow the case law authority of this Circuit.

More importantly, when the petitioner has a protected liberty interest in a statute, court order, or policy then the due process clause protects against unjustified deprivation(s). See <u>Kentucky Dep't of Corrs v. Thompson</u>, 490 U.S. 454 (1989)

In any event, the defendant last assertion concerning IFRP not being punitive is clearly without merit. For one, the IFRP allows the BOP to imposed sanctions on inmates who refuse to <u>voluntarily</u> pay the fine. See Exhibit "D" Contrary to the defendant's allegation disciplinary sanctions such as being restricted to the lowest allowed pay grade of $5.00 a month while other inmates are paid between $15.00 to $100.00 for eight hours a day work; limited commissary spending of $25.00 a month while other inmate enjoy monthly spending limit of about $290. monthly; denial of lesser security transfers; denial of six months early release to community center for half-way house, and being housed in the lowest housing quarters are clearly punitive, which requires the defendant to afford petitioner minimal due process. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 41 L.Ed.2d 933, 94 S.Ct. 2963 (1974)

Certainly, as a result of the petitioner being punished for failing to <u>voluntarily</u> participate in the IFRP, though under the facts of the case, the law of the circuit, and policy

6.

of the BOP he is not subject to pay the fine nor participate in the IFRP, then his due process rights were violated. Thus, such is a claim that relief should be expediently granted.

The defendant second contention concerning the calculation of Taylor's good-time credit also cannot prevail. The defendant first rely on a federal statute governing GCT credits which he states was promulgated under the Violent Crime Control and Law Enforcement Act of 1996, and applies to all offenses occurring thereafter. (Defendant's memorandum, page 9) However, the problem with this contention is that the defendant states that this statute applies to all offenses occurring after 1996, which is not the case here. That, the Petitioner's offense occurred after 1996, which the defendant failed to consider the statute in place prior to the enactment of the Violent Crime Control and Law Enforcement Act of 1996.

As for the defendant relying on the First Circuit decision in Perez-Olivia v. Chavez, 394 F.3d 45 (1st Cir. 2005) to support its position does not automatically preclude Taylor from prevailing on his claim. Especially when the Perez-Olivia decision does not address Congress intent for federal prisoners to serve only eighty-five ("85%") percent of their sentences. See **Sentence Reform Act of 1984; also see 141 Cong. Rec. S2348-01, S2349 (Feb. 9, 2995)**(statement of Sen. Biden) Further, that the BOP's calculation of federal prisoners good-time credit exceeds the 85% mandated by Congress.

In fact, when using the method auothorized by the BOP to calculate Taylor's good-time credit that such method requires him

7.

to serve 87% of his sentence which violates his right to due process.

For example, currently the petitioner has served 16 years of the twenty (20) years sentence imposed. Under the BOP's method of calculating good-time credit at the end of the year Taylor lost 20 days of his good-time credit. Specifically, since he has served 16 years of his sentence he was already awarded 54 days on all 16 years. The BOP claim that Taylor was afforded presently 844 days of good-time. See Exhibit "E" However, when calculating 54 days by 16 which equals 864 days, thus such amount (good-time credits) differs from the BOP calculation of the same. Again, by the method used by the BOP Taylor has lost 20 days.

Clearly, the BOP's method of calculating good-time for federal sentences is erroneous. Indeed, for 16 years with 54 days of good-time given Taylor should have received 864 days instead of 844 days.

In any event, since it is Congress intent that federal prisoners only serve 85% of their sentences, which cannot be disputed, where the BOP method of calculating prisoner sentence to be serve exceeds the 85% then the prisoner is denied due process where the prisoner had a liberty interest in Congress' legislation, Bills, and statute [18 U.S.C. § 3624(b)]. The Petitioner's position is that 85% of twenty years is seventeen (17) years. The BOP has added an additional six (6) months to the petitioner's sentence is beyond the 17 sentence he should serve for 85% of 20 years.

Lastly, the Court should consider that the error is to great

8.

to defer under the rule of lenity the BOP method of calculating good-time is a fair interpretation of the statute as the First Circuit has done.

As shown, the BOP method is inconsistent with simple mathematics. As additional six month prison time is extreme punishment for a mistake in calculation as well as a ruling.

Wherefore, for the foregoing reasons, the Petitioner Kevin Taylor respectfully requeststhis Honorable Court GRANT him relief from the due process violations.

>                                   Respectfully submitted,
>
>                                   _____
>                                   KEVIN TAYLOR
>                                   Pro se/ Petitioner
>                                   Reg. No. 03421-068
>                                   FMC- Devens
>                                   P. O. Box 879
>                                   Ayer, MA 01432

CERTIFICATE OF SERVICE

I certify that on this day a true copy of the above document was served by first class mail, postage prepaid, upon the defendant's attorney:


Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
SUite 9200
1 Courthouse Way
Boston, MA 02210

Dated: March 22, 2005

S/ _Kevin Taylor_
KEVIN TAYLOR #03421-068
Pro se- Petitioner