MANDATE

# United States Court of Appeals
## For the First Circuit

No. 05-2058

KEVIN TAYLOR,

Petitioner, Appellant,

v.

DAVID L. WINN,

Respondent, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Torruella, and Howard, <u>Circuit Judges</u>.

JUDGMENT

Entered: May 3, 2006

    Petitioner Kevin Taylor ("Taylor"), a federal prison inmate, brought a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Massachusetts. He challenged the execution of his sentence by the Federal Bureau of Prisons ("BOP") with respect to the calculation of his good-time credits under 18 U.S.C. § 3624(b)(1) and attempts to collect a monetary fine from him under an Inmate Financial Responsibility Program ("IFRP"). The district court found his claims to lack merit and dismissed. This appeal followed. We affirm.

    Taylor asserts that he is entitled to twenty days more good-time credit than he has actually received.[1] As a matter of

---

[1] In the district court, Taylor first contended that his good-time credits should be calculated according to the amount of time to which he was sentenced, not the amount of time he has actually served, but

arithmetic, Taylor was eligible for twenty days more credit than he has received, based on the time he has spent in prison. BOP records, however, reflect that he lost twenty days of good-time credit for a rules infraction, thus fully accounting for the good-time credit he claims is missing. Taylor does not in any way contradict or address the fact of this record of infraction, or the loss of good-time credit the infraction entailed.

Taylor's federal sentence for drug violations included a fine in the amount of $10,000. Federal criminal fines are payable immediately unless the sentencing court specifies payment by installments or on a date certain. 18 U.S.C. § 3572(d)(1). No such specification was made by the court that sentenced Taylor.

The BOP's efforts to collect fines from prisoners under the IFRP include having them make periodic contributions from their prison wages. The documents in the record reflect that, over the course of his incarceration, Taylor was at different times deemed obligated or not obligated to make payments under the IFRP. Taylor represents that he was treated as not owing payments under the IFRP for the large majority of his time in prison. In or around 2003, the BOP committed to subjecting Taylor to the IFRP and imposing consequences if he failed to make payments, which can include loss of access to work, commissary spending, and favored housing.

Taylor objects to this collection effort on more than one basis. He maintains that the IFRP constitutes an improper delegation of the court's power to collect fines in installments. This argument is not logically sound, and has been rejected elsewhere. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1998). It is true that a court cannot delegate the power to set installment payments for a fine. See United States v. Merric, 166 F.3d 406, 408-409 & fn.1 (1st Cir. 1999)(citing cases). Taylor's fine, by operation of 18 U.S.C. § 3572(d)(1), was payable immediately and included no provision delegating power to set installment payments. Partial or incremental collections, including periodic payments required under the IFRP, are but a natural incident of enforcement efforts by the executive branch. See generally 18 U.S.C. § 3612 (putting responsibility for collection of unpaid fines on Attorney General). A fine that is payable immediately may not be collectable immediately in one lump sum. While the court must be the one to impose a fine that is payable in installments, there is no authority for the proposition that the executive may not collect in installments a fine that is immediately payable.

---

he seems to have abandoned this argument. The argument is, in any event, contrary to our precedent. See Perez-Olivo v. Chavez, 394 F.3d 45, 53 (1st Cir. 2004).

Taylor also characterizes the BOP as violating its internal procedures under the IFRP by trying to collect from a prisoner with no current obligation to pay a fine. It is true that the IFRP exempts prisoners with no current payment obligation, but the premise that Taylor belonged in that category is simply false. Even though a checkmark box on a sentencing form for making a fine immediately payable was left blank by the court that sentenced Taylor, his fine was still immediately payable by operation of statutory law. It appears that the BOP's position on Taylor's IFRP status changed more than once, and that its collection efforts become earnest relatively late in Taylor's sentence, but we do not see how these facts create any liberty interest, estoppel or immunity in favor of Taylor.

Finally, we turn to Taylor's contention that his $10,000 fine should have been offset by proceeds from a seized vehicle appraised at $8,500 in accordance with the expressed intent of the sentencing judge. The only record support for this contention is a short and cryptic exchange at Taylor's sentencing hearing in which the court voiced the idea that Taylor should at least be made to pay his fine with the proceeds of a seized car. The prosecution immediately advised the court that the vehicle seized was a truck, not a car, and Taylor, in turn, immediately denied ownership of the seized truck. The court did not respond directly to these proffered clarifications. It simply announced imposition of the $10,000 fine. This transcribed courtroom exchange is far too ambiguous and incomplete to support Taylor's claim for habeas corpus relief against IFRP collection of the fine. Consequently, we reject, on the present record, Taylor's claim that he is entitled to offset his fine with the proceeds of the sale of the vehicle, but we do not foreclose Taylor from seeking clarification from the sentencing court and thereafter pursuing a claim for setoff, depending upon the outcome of the clarification.

The dismissal of Taylor's habeas corpus petition is _affirmed_.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

Richard Cushing Donovan, Clerk

_(signed)_
Deputy Clerk
Date: 6/27/06

By the Court:

Richard Cushing Donovan, Clerk.

**JULIE GREGG**

By: _____
Operations Manager

[cc: Kevin Taylor, Christopher Donato, AUSA]